UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RONALD DUVIELLA,

                        Petitioner,

            - against -

WARDEN K. SMALLS, NYC DEPT.
OF CORRECTIONS,

                        Respondents.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-759 (PKC)

PAMELA K. CHEN, United States District Judge:

Petitioner Ronald Duviella ("Petitioner") initiated the instant *pro se* petition for a writ of *habeas corpus*, which was received and filed in this Court on February 4, 2019. (Petition ("Pet."), Dkt. 1.) At that time, Petitioner was incarcerated at the Anna M. Kross Center on Rikers Island ("Rikers Island"). (*Id.* at ECF[1] 1.) Notices of deficient filing were sent to Petitioner on February 7, 2019 and February 25, 2019, instructing Petitioner either to pay the $5 filing fee required to file a petition for a writ of *habeas corpus* or to request that the fee be waived by completing an *in forma pauperis* application. (*See* Dkts. 2, 4.) Petitioner corrected the deficiency by paying the filing fee on March 12, 2019. (Dkt. 6.) At some time after the petition was filed in this Court, Petitioner was transferred from Rikers Island to the Ulster Correctional Facility. (Dkt. 7, at ECF 1.) He has since been transferred a second time and is currently in custody at the Orleans Correctional Facility in Albion, New York. (*Id.* at ECF 1.)

For the reasons that follow, this petition is dismissed without prejudice.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

## BACKGROUND

While in custody at Rikers Island, Petitioner filed the instant petition for a writ of *habeas corpus* using a fillable standard form entitled "Petition for Writ of *Habeas Corpus* Pursuant to CPLR § 7000."[2] The standard form provides a caption indicating that the petition is to be filed with the Supreme Court of the State of New York, Kings County. (Pet., at ECF 1–2.)

The petition is not clear in every respect, but the Court summarizes Petitioner's allegations as it understands them. On October 31, 2018, Petitioner was charged in the Criminal Court of Kings County with violating parole for possessing a phone without the knowledge of his parole officer. (*Id.* at ECF 2–3, 5.) On December 21, 2018, the Criminal Court sentenced Petitioner to the Willard Drug Treatment Center ("Willard"). (*Id.* at ECF 5.) Petitioner states that the "Willard Memorandum" requires a parolee to be transferred to Willard's custody within 40 days and instructs that a parolee may petition a state court for release from Willard under certain circumstances.[3] (*Id.* at ECF 5–6; Dkt. 7, at ECF 1.)

---

[2] Section 7000 is a non-existent provision. However, the Court takes the fillable form to refer to Article 70 of the New York State Civil Practice Law and Rules ("CPLR"), *i.e.*, § 7001 *et seq*. N.Y. C.P.L.R. §§ 7001–7012.

[3] Petitioner has not provided the Willard Memorandum. The Court notes, however, that New York state courts impose a "reasonableness" requirement on the period of a parolee's pre-treatment incarceration, which in some circumstances may be violated by pre-treatment incarceration in excess of 40 days. *See People ex rel. Welch v. Warden of Rikers Island Correctional Facility*, No. 340385-2012 (DRM), 2013 WL 92711, at *3 (N.Y. Sup. Ct. Jan. 9, 2013) (stating that "courts have on occasion ruled that a parolee who is permitted to receive treatment at Willard Drug Treatment Center should be transferred within 40 days from the day he received his final parole revocation determination," but that "[40] days is not a bright line test and other courts approved different periods"); *see also Nelson v. State*, No. 111704 (WBD), 2008 WL 2891514, at *4 (N.Y. Ct. Cl. June 18, 2008) ("[T]he legality of an extended period of pre-Willard incarceration is determined upon the facts or lack thereof bearing upon the reasonableness of the period of incarceration in the particular case.").

Instead of being transferred to Willard within 40 days, Petitioner was placed on March 4, 2019 in the 90-day "Alternative Drug Treatment Program" at Orleans Correctional Facility, an apparent substitute for the treatment program at Willard.[4] (Dkt. 7, at ECF 1.) Petitioner seeks a writ of *habeas corpus* pursuant to New York law, arguing that he is entitled to release based on the length of his pre-treatment incarceration. (Pet., at ECF 1, 5–6.)

## DISCUSSION

A *pro se* petitioner's submissions are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court must construe the pleadings of a *pro se* petitioner liberally and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). Nonetheless, a *pro se* petitioner is not exempt from compliance with relevant rules of procedural and substantive law. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citing *Traguth v. Zuck,* 710 F.2d 90, 92 (2d Cir. 1983)).

Petitioner asserts a claim for *habeas corpus* relief pursuant to Article 70 of the CPLR. N.Y. C.P.L.R. §§ 7001–7012. By its own terms, the CPLR applies only in New York state courts. *Lacey v. Calabrese*, No. 05-CV-2040 (SFJ) (WDW), 2005 WL 1285702, at *3 (E.D.N.Y. May 26, 2005);

---

[4] To the extent that Petitioner seeks to argue that his constitutional rights were violated by Respondent's failure to transfer him to Willard, he fails to show that there is a constitutionally protected liberty interest in a particular prison placement. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (stating that inmates do not have a constitutional right to parole); *Matthews v. Thomas*, No. 16-CV-1198 (TJM) (CFH), 2017 WL 6629229, at *6 (N.D.N.Y. Nov. 6, 2017), *report and recommendation adopted*, No. 16-CV-1198 (TJM) (CFH), 2017 WL 6626196 (N.D.N.Y. Dec. 28, 2017) (stating that plaintiff failed to allege a claim under § 1983 because the plaintiff had no constitutional right to placement at Willard).

*see also* N.Y. C.P.L.R. § 7002(b) (specifying courts with jurisdiction over a state *habeas* petition). Petitioner's claims brought pursuant to the CPLR are therefore dismissed.[5]

If Petitioner intends to file a petition for a writ of *habeas corpus* in this Court, he is required to do so pursuant to 28 U.S.C. § 2254. Petitions pursuant to § 2254 cannot be granted, however, unless a petitioner has exhausted all remedies available in state court. 28 U.S.C. § 2254(b). This requirement is not satisfied unless each federal claim is "fairly presented" to the state courts. 28 U.S.C. §§ 2254(b)–(c); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (explaining that a petitioner seeking federal *habeas* relief must raise all claims in state court prior to raising them in a federal *habeas corpus* petition and must "fairly present" each federal claim in the appropriate state court, "thereby alerting that court to the federal nature of the claim").

Petitioners seeking federal *habeas* review of state parole revocation are subject to this exhaustion requirement. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2003) (finding a state prisoner challenging his parole revocation must bring a *habeas* proceeding pursuant to § 2254). In order to exhaust a claim concerning parole revocation, a petitioner must file an administrative appeal within the Division of Parole and, if the appeal is denied, commence a CPLR Article 78 proceeding in state court. *Scales v. N.Y. State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005). If the Article 78 petition is denied, the petitioner must then appeal that denial to the highest state court capable of reviewing it. *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003); *see also Scales*, 396 F. Supp. 2d at 428.

---

[5] CPLR § 7002(b) provides, *inter alia*, that a *habeas corpus* petition can be made to the supreme court in the judicial district in which the person is detained, any justice of the supreme court, or a county judge within the county in which the person is detained. N.Y. C.P.L.R. § 7002(b). Because Petitioner is now detained in Orleans County, Petitioner may file any subsequent *habeas* petition under Article 70 of the CPLR in the Orleans County Court, located at 1 South Main Street, Suite 3, Albion, NY 14411-1497.

4

Here, to the extent that Petitioner intended to file a § 2254 petition for *habeas* relief in this Court, it appears that he has failed to procedurally exhaust any of his claims through state administrative or judicial channels. Thus, even if the Court were to construe the instant petition as brought pursuant to 28 U.S.C. § 2254, his claim would be found unexhausted.

## CONCLUSION

For the reasons stated above, the petition is dismissed without prejudice. No certificate of appealability shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Furthermore, although Petitioner has paid the $5 filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to enter judgment and close this case accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 8, 2019
　　　Brooklyn, New York